IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL No. 1:07CV00277

United States of America
Plaintiff

CIVIL No. 1:07CV00277

v.

$7,000 in U.S. Currency
& 2003 NISSAN 350Z
VIN JN1AZ34E43T002834

Kendal Brumby aka Ken d El Bey [Native American Appellation]
Secured Party
Priority Lien Holder
Claimant



## Motion by Affidavit in Answer to Plaintiff's Motion to Dismiss

NOW COMES Respondent Kendal Brumby aka Ken d El Bey[Native American Appellation]as priority lien holder over the above property[$7,000 U.S. Currency by Treaty rights and power of attorney for Nadir Yarbrough for said 2003 NISSAN 350 Z who respectfully answers Plaintiffs complaint as follows.
**I Kendal Brumby aka Ken d El Bey[Native American Appellation]declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

[Made pursuant to Title 28USCA Section 1746]

### Memorandum in Response to Plaintiff's Motion to Dismiss
### Affidavit of Facts in Answer

1) Denied that Respondent has no standing. Respondent does have statutory standing pursuant to Rule G (6) of the Supplemental Rules For Admiralty Maritime and Asset Forfeiture Claims. Respondent has made his claim on the property and filed a Petition for Return of the Property. The Government has failed to file the Proper interrogatives pursuant to Rule G (6) a.
The Respondent also has Article III standing as he is suffering direct injury by having his funds taken and vehicle which both have been proven to belong to an Indigenous Nation. Plaintiff has made an allegation that our nation is not recognized by the Department of State but has provided no proof. The court *"cannot assume facts not in evidence even if the judge believes facts to be accurate"* **Government of the Virgin Islands v. Gereau 523 F.2d 140 (1975).** We have provided proof of our recognition by and through United States Department of State Authentication document 06013144-1.

2) Denied that Respondent has no standing for Statutory Return of Property. Respondent has made all of his official claims under 18 USC 983 and incorporates them herein.

### 18 USC 983 CRITERIA

**Claimant Ken d El Bey aka Kendal Brumby meets all of the criteria of 18 USC sec 983 for RELEASE OF THE SEIZED PROPERTY and requests herein to the Clerk of the United States Court and the United States Attorney to have the property returned by the U.S. Marshalls to Kendal Brumby or**

any person whom he has authority to receive the property pursuant to communication to the appropriate government officials.

Claimant Ken d El Bey aka Kendal Brumby has sufficient ties to the community pursuant to 18 USC sec. 983 f (1) b, as claimant is a life time resident of the community, a businessman in the community with bank accounts and assets in the community.

Pursuant to 18 USC sec. 983 f (1) c, Continued possession of the government of the above described property is causing the claimant undue and substantial hardship in carrying out and functioning of his business, by being unable to pay his assistant from visiting properties to collect rent, which is rendering them unable to labor, and possibly if continued leaving an individual homeless because of the continued seizure by the government

Pursuant to 18 USC f (1) d, the claimant's hardship outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding

Pursuant to 18 USC f (1) e & f (8) a, the property funds [$, 7000] and vehicle are a result of a legitimate business and were acquired through the possession of real estate and through Ministerial services in my Aboriginal Nation, which is recognized by the Federal Government [Dept. of State Authentication # 06013144-1]

Pursuant to 18 USC 983 f (1) e & f (8) b, the property cannot be used as evidence of a violation of law as it is not a violation to own a vehicle/ land vessel of $7,000 in funds and no evidence or proof violations of law have been alleged or indictments or other charges have been made in respect to the property named herein

Pursuant to 18 USC 983 f (1) e & f (8) c, the Government has not alleged that the property is suited by design or other characteristic for use in illegal activities

Pursuant to 18 USC 983 f (1) e & f (8) d, the property is not likely to be used to commit additional criminal acts as the property has never been used to commit criminal acts and in fact there are absolutely no criminal charges surrounding the property, no indictments, no charges or indictments on either the state or federal level surrounding the property

2. [b] It is denied that my request for Return should be dismissed because it is not ripe for decision by the court. Respondent has followed all of the procedural steps required to have return of the property. These steps are filed with the court for the record. Plaintiff has purged the court by stating that Respondent has not made a claim on the property, a petition for return of property, and all other necessary statutory requirements for return of property. All of this is documented for the record with the court.

3. Denied that Respondent has no claim as a matter of law. The court *"cannot assume facts not in evidence even if the judge believes facts to be accurate"* **Government of the Virgin Islands v. Gereau 523 F.2d 140 (1975)**. Respondent has established that he has a priority security interest in the property. Plaintiff has NOT established that the International Society of Indigenous Sovereigns is not recognized although they have made the allegations that the claims are frivolous. We have provided documentary evidence through our authenticated records therefore the Plaintiff's claims are frivolous. The attorneys for the Government are using statutes 'out of context' as a part of an unlawful scheme to reach a prohibited result **Miller v. Milwaukee 272 U.S. 713, 715**

4) Denied that Respondent is not entitled to judgment against the United States. Respondent is entitled to judgment against the United States pursuant to Fed. R. Civ. P. 55(e) which plainly states, "No judgment by default shall be entered against the United States or an officer or agency thereof **unless the claimant establishes a claim or right to relief by evidence satisfactory to the court**."

The respondent's claims have not been substantially challenged by law. Plaintiff has made many false allegations and frivolous claims, but has provided no substance.

Conclusion:
Respondent has proven beyond reasonable doubt that Plaintiff has failed to prove that the Respondent has not provided all the necessary substance to claim the property according to the Rule of Law and statute. Respondent requests that the court grant the summary judgment of the Respondent.

**I Kendal Brumby aka Ken d El Bey[Native American Appellation]declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

_____

**[Made pursuant to Title 28USCA Section 1746]**

Addendum to Affidavit with Other facts of Note for the record
- **Claimant Kendal Brumby aka Ken d El Bey[Native American Appellation]has a *perfected priority possessory interest* in the property [$7,000 U.S. Currency] pursuant to 18 USC sec. 983 f (1) a, the personal property being subject to International Treaties which possessory interest is legally valid pursuant to North Carolina General Statutes Chapter 25 of the Uniform Commercial Code 25-9-311, which states explicitly,**
    > § 25-9-311. Perfection of security interests in property subject to certain statutes, regulations, and treaties.

(a)  Security interest subject to other law. – Except as otherwise provided in subsection (d) of this section, the filing of a financing statement is not necessary or effective to perfect a security interest *in property subject to*:
> (1)  A statute, regulation, or *treaty of the United States* whose requirements for a *security interest's obtaining priority over the rights of a lien creditor* with respect to the property preempts G.S. 25-9-310 (a);

- **And the possessory interest in the vehicle/land vessel [2003 NISSAN 350Z VIN JN1AZ34E43T002834] is pursuant to documents of title subject to Treaties pursuant to Chapter 25 of the Uniform Commercial Code 25-7-103 which states explicitly,**

§ 25-7-103. Relation of Article to treaty or statute.
(a)   This Article is *subject to any treaty or statute of the United States* or regulatory statute of this State to the extent the treaty, statute, or regulatory statute is applicable.

- Claimant Kendal Brumby aka Ken d El Bey[Native American Appellation]is a citizen/national of the United States and his tribal property is subject to 8 USC 1401 (a) which explicitly states,

The following shall be nationals and citizens of the United States at birth:
**(b)** a person born in the United States to a member of an ... aboriginal tribe: Provided, That the granting of citizenship under this subsection *shall not in any manner impair or otherwise affect the right of such person to tribal or other property*;

- Kendal Brumby's nationality card as a national of the ISIS Abannaki Aboriginal Nation is provided herein [Exhibit A]. The Aboriginal Nation is recognized by the Federal Government via the Department of State authentication document 06013144-1 signed by the Secretary of State and sealed with the Great Seal of the United States of America [Exhibit B]. The Treaty of Watertown 1776 made between the Abannaki Miqmaq Aboriginal Nation and the United States provides for return of property in Article 3 upon application for return.

Our Documents from the United States Department of State sealed with the great Seal of the United States and signed by Secretary of State Condoleezza Rice that verify that we are an Aboriginal Nation and International Confederation of Aboriginal Nations that has treaties with the United States Federal Government and that our actions, while in full accord with the Treaties of agreement between our Aboriginal Nation and the United States, are not against United States Law or Policy.

We are providing direct contact to the United States Department of State-Chief Authentications Officer Denitra Hawkins# (202) 663-1848. The purpose of the contact is for verification of our Documents # 06013144-1 which are for the purpose of being used in International correspondence and in Courts as evidence of our Status.

# Remedy Demand

1) I Kendal Brumby aka Ken d El Bey[Native American Appellation]demand upon judicial order that the property funds [$ 7,000 U.S. Currency & 2003 NISSAN 350Z VIN **JN1AZ34E43T002834**]and land vessel mentioned herein be returned to me and that judgment be granted.

**I Kendal Brumby aka Ken d El Bey[Native American Appellation]declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

_____

**[Made pursuant to Title 28USCA Section 1746]**

## Certification

I Kendal Brumby aka Ken d El Bey[Native American Appellation]certify that a true and correct copy of this answer has been sent by certified mail to:
1) Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina and Lynne P. Klauer, Assistant United States Attorney P.O. Box 1858 Greensboro, NC 27402.
2) & Filed with the United States District Court

*Kend El Bey*

4826 Kingswell Dr.
Mccleansville NC 27301

336-988-6644

10/29/07