IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : Civil No. 1:07CV00277<br>: |
| v. | : |
| $7,000.00 in U.S. CURRENCY | : |
| and | : |
| 2003 NISSAN 350Z,<br>VIN JN1AZ34E43T002843,<br>Defendants. | : |

RESPONSE TO JOSEPH BRUMBY'S REQUEST TO RELEASE SEIZED PROPERTY

NOW COMES the plaintiff, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and responds to the "Request to Release Seized Property" filed by Joseph BRUMBY [Jr.] a/k/a Yasir Justice El Bey ("Joseph BRUMBY" or "BRUMBY") on October 29, 2007. (Dkt. #21[1]). For the reasons set forth below, BRUMBY's "Request to Release Seized Property" (hereafter "Request to Release") should be denied.

---

[1] BRUMBY's motion is nearly identical to the one filed by Claimant Kendal Brumby on August 2, 2007, Dkt. #9, pp. 2-3.

I.  STATEMENT OF THE CASE/STATEMENT OF FACTS[2]

On November 20, 2006, a vehicle [the defendant 2003 Nissan 350Z] operated by Joseph BRUMBY Jr., was stopped for speeding on Interstate 85/40 in Greensboro. (Dkt. 1, Exh. A, ¶ 3). BRUMBY was placed under arrest on an outstanding warrant. (Dkt. 1, Exh. A, ¶ 4).

During a search of the defendant vehicle incident to BRUMBY's arrest, the investigating officers found four bundles of U.S. Currency [the defendant $7,000.00] inside a leather satchel located on the passenger seat. (Dkt. 1, Exh. A, ¶¶ 4, 8). Officers also discovered a non-factory "secret compartment" or trap behind the driver's rear speaker. (Dkt. 1, Exh. A, ¶ 5). This secret compartment measured approximately two feet square, and was controlled by two electric motors. Id. Narcotics detector canine "Rico" and his handler also reported to the scene, and Rico positively alerted to the odor of narcotics on the leather satchel and on the passenger side rear seat/speaker area where the secret compartment was located. Id.

While at the scene, BRUMBY stated that the currency was from his business, "Showtime Reality." (Dkt. 1, Exh. A, ¶ 7). BRUMBY explained that he had collected the money over a long period of time from 100 rental properties that he owned. Id. When asked why three of the banded bundles were dated November 20, 2006, since BRUMBY stated he

---

[2]Except for the addition of a paragraph at the end of this section, this portion of plaintiff's Response is the same as in its previously memorandum in support of motion to dismiss. See Dkt. # 17, Att. 1, Section I.

possessed the money for a "long time," BRUMBY changed his story and stated that the money was from his brother, Kendal Brumby. (Dkt. 1, Exh. A, ¶ 8).

During the encounter with law enforcement, BRUMBY exhibited an unconcerned/cocky attitude and continued to state that the seizure was racially motivated. (Dkt. 1, Exh. A, ¶¶ 6, 8-9).

DEA adopted the seizure and began administrative forfeiture proceedings. Notice of the forfeiture proceeding was published in the Wall Street Journal. Joseph BRUMBY, Nadir Yarbrough (owner of the defendant vehicle) and Ace Imports (lienholder on the defendant vehicle) were served with notice of the proceedings by mail. On February 21, 2007, DEA received from Joseph BRUMBY a Claim of Ownership to the defendant properties. As a result, the administrative forfeiture process was terminated and the seizure was referred to the United States Attorney's Office for judicial forfeiture.

On April 10, 2007, plaintiff initiated this case by filing a Verified Complaint of Forfeiture alleging that the defendant U.S. Currency was furnished or intended to be furnished in exchange for a controlled substance or represents proceeds traceable to such an exchange and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), and that the defendant vehicle was used or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possess or concealment of a controlled substance or other property described in 21 U.S.C. § 881(a)(1), (2) or (9) and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

On August 2, 2007, Claimant Kendal Brumby a/k/a Ken d El Bey filed a "Motion by Affidavit in Answer to Plaintiff's Complaint of Forfeiture" (Dkt. # 9; hereafter "Answer") and a "Demand By Affidavit & Notice for Return of Property/Official Notice of Claim with Offer of Proof" (Dkt. # 10; hereafter "Request for Return"). On August 31, 2007, Claimant Kendal Brumby filed a Motion for Summary Judgment (Dkt. # 12), and on September 26, 2007, Claimant Kendal Brumby filed a Motion for Default Judgment (Dkt. # 14).

Plaintiff filed a Motion to Dismiss the claim of Kendal BRUMBY a/k/a Ken d El Bey, on the grounds that he lacks Article III standing to assert a claim in this case. (This Motion and various Motions and Petitions filed by Kendal BRUMBY, a/k/a/ Ken d El Bey, are pending.)

On October 29, 2007, Joseph BRUMBY [Jr.], a/k/a Yasir Justice El Bey, filed the Request To Release (Dkt. # 21) to which plaintiff now responds.

II. ARGUMENT

    A. Joseph BRUMBY's Request to Release Should Be Denied Because He Lacks Statutory Standing.

In a forfeiture case, a claimant must prove an interest in the defendant property sufficient to establish standing to contest the forfeiture. United States v. 526 Liscum Drive, 866 F.2d 213, 216 (6th Cir. 1989). "'[O]therwise, there is no "case or controversy," in the constitutional sense, capable of adjudication in the federal courts.'" United States v. Real Property Located at 5201 Woodlake Drive, 895 F. Supp. 791, 793 (M.D.N.C. 1995)(citing United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987)).

4

There are two types of standing in a civil forfeiture action, statutory standing and Article III standing. United States v. U.S. Currency, in the Amount of $103,387.27, 863 F.2d 555, 560 n.10 (7th Cir. 1988). Plaintiff does not, at this point, contest that Joseph BRUMBY has Article III standing, but BRUMBY lacks statutory standing.

A claimant has statutory standing to defend the forfeiture once he establishes that the procedural requirements of Rule G(5) of the Supplemental Rules For Admiralty or Maritime and Asset Forfeiture Claims have been satisfied. $38,000.00, 816 F.2d at 1543-44 n.12 (referring to predecessor Rule C(6)). Rule G(5) tracks the requirements of 18 U.S.C. § 983(a)(4), with some additional detail. The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government attorney handling the case. Rule G(5). The claimant must file the claim within 30 days of final publication, or (as in this case) 35 days of direct notice pursuant to Rule G(4)(b)(ii)(B). The claimant must also file an answer within 20 days of filing the claim. 18 U.S.C. § 983(a)(4)(B); Rule G(5)(b).

In this case, Joseph BRUMBY was served with the Verified Complaint of Forfeiture, Warrant for Arrest In Rem, and Legal Notice via certified mail on July 13, 2007. (Dkt. #8). He had 35 days -- or until August 17, 2007-- to file a verified claim to the defendant property and 20 days after filing of the claim to file an answer. He has filed neither a claim nor an answer in this action. Moreover, his Request for Release, filed more than 70 days after the

statutory deadline for filing a claim, is untimely and should not be considered a claim even if it contains the necessary elements of one.

Accordingly, Joseph BRUMBY lacks statutory standing in this action and can neither contest the forfeiture nor petition for return of the property, and his Request for Release should be denied.

> B. Claimant's Request for Return of Property Must Be Denied As Premature, Frivolous and Moot, and Because He Cannot Satisfy the Statutory Criteria for Return.
>
>> 1. The Law Applicable to Requests for Return of Seized Property.

The statute governing procedure in an *in rem* civil forfeiture proceeding such as this action is 18 U.S.C. § 983. Congress has explicitly provided in that statute that, in limited circumstances, seized property may be released by a court pending resolution of the *in rem* forfeiture proceeding. Subsection 983(f) provides the sole remedy for a claimant in an *in rem* civil forfeiture action who seeks an order from a court directing the release of seized property on the ground of hardship pending resolution of the action. United States v. Douleh, 220 F.R.D. 391, 396 (W.D.N.Y. 2003).

>> 2. BRUMBY'S Request to Release Seized Property Should be Dismissed Because it is Not Ripe for Decision By the Court.

Before the district court can consider a petition for return of property under 18 U.S.C. § 983(f), the petitioner must make a request for release of the property from "the appropriate official." 18 U.S.C. § 983(f)(2). If the property is not released within 15 days, then and only then may the petitioner file a petition in district court requesting release of seized property.

18 U.S.C. § 983(f)(3)(A). A petition filed pursuant to 18 U.S.C. § 983(f)(3)(A) must describe how the substantive requirements of the hardship release provision at 18 U.S.C. § 983(f)(1) are met, and "the steps the claimant has taken to secure release of the property from the appropriate official." 18 U.S.C. § 983(f)(3)(B). This provision is intended to obviate the need for court proceedings until an agency has had an opportunity to review and rule upon the request.

Joseph BRUMBY has not complied with the requirements of 18 U.S.C. § 983(f)(2) and (3) in this case. On October 29, 2007, Joseph BRUMBY filed his Request to Release pursuant to 18 U.S.C. § 983(f)(2). (Dkt. # 21). This is the first request under the hardship provision made by Joseph BRUMBY. It does not describe "the steps the claimant has taken to secure release of the property from the appropriate official" because he has not previously taken any such steps.

Assuming, arguendo, that Joseph BRUMBY's Request to Release satisfies the requirements of 18 U.S.C. § 983(f)(2) (i.e. notice to an "appropriate official"), he would not have been entitled to file a petition in district court for return of the defendant property until 15 days after October 29, 2007. No such petition has been filed. Accordingly, Joseph BRUMBY's Request to Release should be denied.

### 3. Joseph BRUMBY's Request to Release Should Be Denied Because it is Frivolous.

BRUMBY has not filed a petition for return of property which meets the statutorily mandated prerequisites of district court jurisdiction under 18 U.S.C. § 983(f)(3). Assuming such a petition was properly before the Court, it should be denied. Subsection 983(f)(4) provides as follows: "If the Government establishes that the claimant's claim is frivolous, the court shall deny the motion."

As set forth in section II.A. above, Joseph BRUMBY lacks statutory standing in this case. Moreover, BRUMBY's alleged interest in the defendant property is based on the theory that he is "a national of the ISIS [International Society of Indigenous Sovereigns] Abannaki Aboriginal Nation,"[3] a purported nation allegedly recognized by the State Department and protected by law and treaty. (Dkt. # 21, p.1). From that premise, he goes on to cite provisions of the UCC and 8 U.S.C. § 1401 as legal support for the position that he has a perfected priority claim to the defendant property, which is tribal property protected by statute. (Dkt. # 21, p. 1). Concisely, the government responds that the ISIS Abbannaki Aboriginal Nation is not recognized by the State Department,[4] BRUMBY'S property rights

---

[3] The Southern Poverty Law Center has described the Abbannaki Indigenous Nation, aka the Abbannaki Aboriginal Nation, as a "fringe black separatist group" which "propounds a bizarre ideology that's a mix of pseudoscientific ideas . . . and groundless theories about being immune to U.S. laws . . .." (Dkt. #17, GE B). For more information on the group, see its official website, http://www.blacklaws19.4t.com/.

[4] The State Department has verbally confirmed that this group is not recognized by it, and written confirmation of this matter has been requested.

enjoy no special protection under treaty or statute based on his claimed aboriginal status, and the state and federal statutes quoted by BRUMBY have no bearing on this case. While his possessory interest in the property may be sufficient to confer Article III standing, BRUMBY has no statutory standing and has not articulated any set of facts which would enable him to prevail under the innocent owner provisions of 18 U.S.C. §983(d).

Accordingly, his Request to Release is frivolous and must be denied.

    4.    <u>Joseph BRUMBY's Request to Release Seized Property Should Be Denied Because He Cannot Meet the Statutory Criteria for Return.</u>

Again, Joseph BRUMBY has not filed a petition for return of property which meets the prerequisites of district court jurisdiction under 18 U.S.C. § 983(f)(3), but assuming such a petition was properly before the Court, it should be denied because Joseph BRUMBY cannot satisfy the criteria for return outlined in 18 U.S.C. § 983(f)(1) which provides:

> (1) A claimant under subsection (a) is entitled to immediate release of seized property if –
>
>     (A) the claimant has a possessory interest in the property;
>
>     (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
>
>     (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
>
>     (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is

returned to the claimant during the pendency of the proceeding; and

(E) none of the conditions set forth in paragraph (8) applies.

The burden of proving that the requirements for this Court to consider release of the defendant property under 18 U.S.C. § 983(f)(1) have been met rests on the petitioner. <u>United States v. Undetermined Amount of U.S. Currency</u>, 376 F.3d 260, 264 (4th Cir. 2004).[5]

As a threshold matter, § 983(f) speaks to the rights of a <u>claimant</u> and the showings a <u>claimant</u> must make to secure a hardship release. As discussed in Section II.A. above, Joseph BRUMBY lacks statutory standing in this case and therefore does not qualify as a "claimant."

Substantively, a claimant petitioning under 18 U.S.C. § 983(f) must first show that he has a possessory interest in the property. 18 U.S.C. § 983(f)(1)(A). Plaintiff does not at this point contest that BRUMBY's naked possession of the defendant property satisfies this requirement. BRUMBY must also demonstrate sufficient ties to the community to provide assurance that the property will be available at the time of trial. 18 U.S.C. § 983(f)(1)(B). BRUMBY asserts he is a businessman in the community with bank accounts and assets, but fails to make any specific showing in this regard which would suggest he could satisfy this

---

[5]Claimants petitioned the court under the hardship provision of CAFRA for the release of seized funds to pay their attorneys and the district court granted the petition; Fourth Circuit reversed, holding that the funds in bank accounts could not be released since the funds in the bank accounts were subject to forfeiture and dissipation of those funds was nearly guaranteed.

10

requirement.[6] Next, the petitioner must establish that continued possession of the property by the government will cause a substantial hardship to the petitioner. 18 U.S.C. § 983(f)(1)(C). BRUMBY makes no particular showing in this regard, relying instead on a conclusory allegation of hardship. Further, BRUMBY has not demonstrated that his alleged hardship outweighs the risk that the property will be destroyed, damaged, lost or concealed. 18 U.S.C. § 983(f)(1)(D).

Finally, the petitioner must also establish that "none of the conditions set forth in paragraph (8) applies." 18 U.S.C. § 983(f)(1)(E). Paragraph 8 (18 U.S.C. § 983(f)(8)) creates a substantial exception to the right to be heard on a petition for hardship release of seized property in certain circumstances, stating as follows:

> (8) This subsection shall not apply if the seized property –
>
> (A) is contraband, currency, or other monetary instrument, or electronic funds, unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
>
> (B) is to be used as evidence of a violation of the law;
>
> (C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or
>
> (D) is likely to be used to commit additional criminal acts if returned to the claimant.

Two provisions of 18 U.S.C. § 983(f)(8) are relevant in this case, and they constitute an

---

[6] At the time of seizure, Joseph BRUMBY, claimed to own 100 rental properties, yet Guilford County real property records show only one property in his name and none in the name of the business he claimed.

11

Case 1:07-cv-00277-TDS -PTS   Document 23   Filed 11/21/07   Page 11 of 14

insurmountable obstacle to the relief Joseph BRUMBY seeks.

First, currency is not subject to return "unless such currency . . . constitutes the assets of a legitimate business which has been seized." 18 U.S.C. § 983(f)(8)(A). In the statute, the term "a legitimate business" is singular, "assets" is plural, and "has been seized" is singular; therefore, "has been seized" grammatically must refer to "a legitimate business," not "assets." Joseph BRUMBY has the initial burden of showing that the seized currency constitutes an "asset[] of a legitimate business which has been seized." United States v. $1,231,349.68 in Funds, 227 F. Supp. 2d 125, 129 (D.D.C. 2002)(claimant has burden of showing that exception for proceeds of legitimate business in § 983(f)(5)(B) applies). This he cannot do. Seized currency can be returned under the hardship provision if, and only if, it is an asset of a legitimate business which business has itself been seized. In this case, the government has not seized any business, legitimate or otherwise.

Second, property which "by reason of design or other characteristic, is particularly suited for use in illegal activities" cannot be returned. 18 U.S.C. § 983(f)(8)(C). The defendant vehicle contains a trap or hidden compartment controlled by two electric motors, hence it is particularly suited for illegal activity, including but not limited to concealing narcotics and narcotics proceeds. At the time of seizure, a trained narcotics-sniffing canine alerted to the area of the vehicle where the trap was located, evidence that the vehicle has in fact been used for such illicit purposes.

There is no statutory authority to release the defendant property to Joseph BRUMBY

pursuant to CAFRA's hardship release provision at 18 U.S.C.§ 983(f) and there is no other authority available to him for such relief. His Request to Release must be denied.

### III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Request to Release Seized Property filed by Joseph BRUMBY a/k/a/ Yasir Justice El Bey in this action be denied.

This the 21st day of November, 2007.

Respectfully submitted,

ANNA MILLS WAGONER
United States Attorney

/s/ Lynne P. Klauer
Lynne P. Klauer
Assistant U.S. Attorney
NCSB #13815
P.O. Box 1858
Greensboro, NC 27402
(336) 333-5351
E-mail: Lynne.Klauer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff, | : Civil No. 1:07CV00277<br>:<br>: |
|   v. | :<br>: |
| $7,000.00 in U.S. CURRENCY | :<br>: |
| and | :<br>: |
| 2003 NISSAN 350Z,<br>VIN JN1AZ34E43T002843,<br>   Defendants. | :<br>:<br>: |

CERTIFICATE OF SERVICE

  I hereby certify that on November 21, 2007, Joseph BRUMBY's Request to Release Seized Property was electronically filed with the Clerk of the Court using the CM/ECF system, and notice was sent by first class mail to :

Joseph BRUMBY, Jr.
 a/k/a/ Yasir Justice El Bey
22 Hunt Club Rd., Apt. K
Greensboro NC  27410

                ANNA MILLS WAGONER
                United States Attorney


                /s/ Lynne P. Klauer
                Lynne P. Klauer
                Assistant U.S. Attorney
                NCSB #13815
                P.O. Box 1858
                Greensboro, NC 27402
                (336) 333-5351
                E-mail:  Lynne.Klauer@usdoj.gov