IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07CV00277 |
| ) | |
| $7,000.00 in U.S. CURRENCY ) | |
| ) | |
| and ) | |
| ) | |
| 2003 NISSAN 350Z, ) | |
| VIN JN1AZ34E43TOO2843, ) | |
| ) | |
| Defendants. ) | |

**DECREE AND JUDGMENT OF FORFEITURE**

On April 10, 2007, a Verified Complaint of Forfeiture against the Defendant properties was filed on behalf of the Plaintiff, United States of America. (Doc. 1.)

It appearing that process was fully issued in this action and returned according to law:[1]

The United States Marshals Service posted the Defendant $7,000.00 in U.S. currency on April 26, 2007. (Doc. 5.) The United States Marshals Service posted the Defendant 2003 Nissan 350Z, VIN JN1AZ34E43TOO2843, on April 27, 2007 (Doc. 6);

---

[1] Though the record contains no evidence that direct notice of the forfeiture action was provided to Ace Imports, the lienholder of the Defendant vehicle, as required by Rule G(4)(b)(I) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government has provided evidence that on October 1 or 2, 2007, Ace Imports waived its right to direct notice because it no longer had any interest in or claim to the Defendant vehicle. (Doc. 17 Ex. A at 2.)

Notice of the forfeiture action and arrest was published in the *News & Record*, a newspaper published in Guilford County, North Carolina, on May 25, 2007, pursuant to Rule G(4)(a)(iii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") (Doc. 7)[2];

On April 13, 2007, copies of the Verified Complaint of Forfeiture, Warrant for Arrest, and Legal Notice were sent via certified mail to Nadir Roussoull Yarbrough at 1349 Ogden Road, Greensboro, North Carolina. (Doc. 40 Ex. A at 2.) This package was returned as "unclaimed." (Id.) On November 30, 2007, a second envelope containing copies of the Verified Complaint of Forfeiture, Warrant for Arrest, and Legal Notice were sent via regular mail to Nadir Roussoull Yarbrough at 1349 Ogden Road, Greensboro, North Carolina. (Id.) This envelope was not returned (id.);

On July 13, 2007, Joseph Brumby was served via certified mail with copies of the Verified Complaint of Forfeiture, Warrant for Arrest, and Legal Notice (Doc. 8);

---

[2] Notice of the administrative forfeiture of the $7,000.00 in U.S. currency was published in the *Wall Street Journal* on January 2, January 9, and January 16, 2007. (Doc. 1 Ex. A at 4; Doc. 40 Ex. A at 2.) Notice of the administrative forfeiture of the vehicle was published in the *Wall Street Journal* on February 5, February 12, and February 19, 2007. (Doc. 1 Ex. A at 4.) After receiving Joseph Brumby's claim to the Defendant vehicle on February 21, 2007, the Drug Enforcement Administration terminated the administrative forfeiture process and referred the seizure to the U.S. Attorney's Office for judicial forfeiture. (Id.)

On August 2, 2007, Kendal Brumby filed an Answer to the Forfeiture Complaint (entitled Motion by Affidavit in Answer to Plaintiff's Complaint of Forfeiture) (Doc. 9) and a Motion for Return of Property (entitled Demand by Affidavit & Notice for Return of Property) (Doc. 10);

On August 27, 2007, Plaintiff filed a Motion for Extension of Time to respond to the Motion for Return of Property (Doc. 11), which was granted on September 13, 2007 (Doc. 13);

On August 31, 2007, Kendal Brumby filed a Motion for Summary Judgment (entitled Motion for Summary Judgment Pursuant to Rule 56(b) by Affidavit of Kendal Brumby aka Ken d El Bey) (Doc. 12);

On September 26, 2007, Kendal Brumby filed a Motion for Default Judgment (entitled Motion for Default Judgment Pursuant to 54(c) by Affidavit of Kendal Brumby aka Ken d El Bey) (Doc. 14);

On October 4, 2007, Plaintiff filed a Motion to Amend Complaint (Doc. 15);

On October 4, 2007, Plaintiff filed a Motion for Enlargement of Time (Doc. 16) to respond to the Motion for Return of Property, which was granted on October 16, 2007 (Doc. 19);

On October 4, 2007, Plaintiff filed a Motion to Dismiss Claim. (Doc. 17.) On October 29, 2007, Kendal Brumby filed a Response (entitled Motion by Affidavit in Answer to Plaintiff's Motion to Dismiss) (Doc. 20), to which Plaintiff filed a Reply on November 16, 2007 (Doc. 22);

3

On October 29, 2007, Joseph Brumby filed a Motion to Release Seized Property (Doc. 21), to which Plaintiff filed a Response on November 21, 2007 (Doc. 23);

On November 26, 2007, Joseph Brumby filed a Demand by Affidavit & Notice for Return of Property (Doc. 24);

On December 3, 2007, Plaintiff filed a Motion to Strike the claim of Joseph Brumby (Doc. 26);

On December 17, 2007, Kendal Brumby filed a Motion to Return Property with Incorporated Affidavit (Doc. 29), to which Plaintiff filed a Response (Doc. 30) on January 9, 2008;

On January 14, 2008, Kendal Brumby filed a Motion for Summary Judgment (entitled Motion for Summary Judgment Pursuant to Rule 56(b) by Affidavit of Kendal Brumby aka Ken d El Bey) (Doc. 31), to which Plaintiff filed a Response (Doc. 36) on February 15, 2008;

On February 7, 2008, Kendal Brumby filed a Notice of 5th Amendment Protections Supported by Supreme Court Case Law & Demand by Affidavit & Notice for Claimant to Provide Offer of Proof that Interrogatives May Be Provided & Required for Answer Outside of the Original Complaint (Doc. 33);

On February 11, 2008, Plaintiff filed a Motion to Compel Response to Discovery (Doc. 34), to which Kendal Brumby filed a Response in Opposition (entitled Notice of 5th Amendment Protections Supported by Supreme Court Case Law & Demand By Affidavit & Notice for Claimant to Provide Offer of Proof that Interrogatives May Be

4

Provided & Required for Answer Outside of the Original Complaint) on February 21, 2008 (Doc. 37);

On February 26, 2008, Kendal Brumby filed an Affidavit (entitled Addendum to Motion for Summary Judgment Pursuant to Rule 56(b) by Affidavit of Kendal Brumby aka Ken d El Bey) (Doc. 38) in support of the Motion for Summary Judgment he filed on January 14, 2008;

On October 30, 2008, this court entered a Memorandum Opinion and Order denying Kendal Brumby's Motions for Return of Property (Docs. 10, 29), Motions for Summary Judgment (Docs. 12, 31), Motion for Default Judgment (Doc. 14), and Motion for Injunctive Relief (Doc. 31) and also denying Joseph Brumby's Motion to Release Seized Property (Doc. 21) and Demand by Affidavit and Notice for Return of Property (Doc. 24). (Doc. 39 at 21-22.) This court also granted Plaintiff's Motion to Amend Complaint (Doc. 15), Motion to Dismiss the claim of Kendal Brumby (Doc. 17), and Motion to Strike the claim of Joseph Brumby (Doc. 26). (Doc. 39 at 22.) Plaintiff's Motion to Compel Response to Discovery (Doc. 34) was denied as moot (Doc. 39 at 22);

On October 31, 2008, all persons and entities having an interest in the Defendant properties, except Kendal Brumby and Joseph Brumby, were defaulted for failure to file a claim and answer or otherwise defend as provided for in Supplemental Rule G (Doc. 41);

5

NOW, THEREFORE, on motion of the Plaintiff, United States of America, for a Decree and Judgment of Forfeiture, it is hereby

ORDERED, ADJUDGED AND DECREED that pursuant to Rule 54, Federal Rules of Civil Procedure, the Defendant properties shall be forfeited to the United States of America and no right, title or interest in the property shall exist in any other party.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward two (2) certified copies of this Order to the United States Attorney's Office, Middle District of North Carolina, Attention: Assistant U.S. Attorney Lynne P. Klauer.

/s/ Thoms D. Schroeder
United States District Judge

December 11, 2008

6

Case 1:07-cv-00277-TDS -PTS   Document 44   Filed 12/11/08   Page 6 of 6